IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-714-RP |
| WILLIAM J. MILLES, JR. and DONALD J. LUTZKO, | § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Defendants William J. Milles, Jr. and Donald J. Lutzko's (collectively, "Defendants") motion to join a third party, Russell Vera ("Vera"), as an additional Defendant. (Mot. Join, Dkt. 25). Defendants are proceeding pro se in this matter. Plaintiff Securities and Exchange Commission (the "SEC") timely filed a response on February 19, 2020, (Dkt. 26), and Defendants untimely filed a reply on March 6, 2020, (Dkt. 27).[1] *See* W.D. Tex. Loc. R. CV-7(f)(2) ("A reply in support of a motion shall be filed not later than 7 days after the filing of the response to the motion."); *see also* Fed. R. Civ. P. 6(d) (extending the period by three days when parties are served by mail). After considering the parties' arguments, the record, and the relevant law, the Court denies Defendants' motion.

As a preliminary matter, in their reply, Defendants do not articulate any cause for the late filing or any excusable neglect justification. (*See* Reply, Dkt. 27). To the extent that Defendants' inclusion of the Courtroom Deputy's email constitutes an argument that the delay in filing was due to their inability to file via email, it is unavailing. Though courts "liberally construe briefs of pro se

---

[1] On February 28, 2020, Defendants attempted to file their reply by email to the Courtroom Deputy, who informed them on March 3, 2020, that the Court cannot accept filings by email. (Reply, Dkt. 27, at 1). Defendants mailed their motion on March 3, 2020. (*Id.* at 9).

1

litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Defendants "must still brief the issues and reasonably comply with [federal procedural rules]." *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). "[I]n order to receive the [reply] here, the District Court would have . . . to regard the very filing of the late document as the 'motion made' to file it; it would have . . . to interpret 'cause shown' to mean merely 'cause,' since [Defendants] made no 'showing' of cause at all; and finally, it would have . . . to find as a substantive matter that there was indeed 'cause' for the late filing, and that the failure to file on time 'was the result of excusable neglect.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 897 (1990) (quoting Fed. R. Civ. P. 6(b)(1) (1999) (amended 2001)); *see generally* Fed. R. Civ. P. 6 advisory committee's comment on 2007 amendment (explaining changes to rule's exact wording since *Lujan* were "intended to be stylistic only").

Defendants "made no request to extend the time to file [their] response before the [ultimate] deadline" and "did not file a motion for an extension arguing excusable neglect." *Kitchen v. BASF*, No. 18-41119, 2020 WL 964371, at *4 (5th Cir. Feb. 28, 2020). Consequently, the Court has discretion to refuse to accept the reply. *Cf id.* (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006)) ("[A] district court has discretion to refuse to accept a party's dilatory response to a motion for summary judgment, even if the court acknowledges reading the response, and has discretion to deny extending the deadline when no excusable neglect is shown."); *see also Alston v. Mississippi Dep't of Transportation*, No. 19-60583, 2020 WL 747222, at *2 (5th Cir. Feb. 13, 2020) (quoting *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019)) ("District courts must have the power to control their dockets by holding litigants to a schedule."); W.D. Tex. Loc. R. CV-7(f)(2) ("The court need not wait for a reply before ruling on a motion."). Here, the Court cannot "overcome all the obstacles" to accepting a late reply that the Supreme Court has outlined. *Lujan*, 497 U.S. at 898. Therefore, the Court will not consider Defendants' untimely reply.

In their motion, Defendants argue that "[f]or reasons unknown, the SEC elected to not name Russell Vera . . . as an additional Defendant in this matter" even though "Vera is an essential party Defendant." (Dkt. 25 at 1). Maintaining that "Vera was the principal architect" of the activities at issue, (*see generally* Compl., Dkt. 1), they request under Federal Rule of Civil Procedure 14(a)(1) that the Court join Vera as an additional defendant in this case. (Mot., Dkt. 25, at 1). The SEC responds that Defendants' motion is prohibited by statute. (Resp., Dkt. 26, at 2–3 (citing 18 U.S.C. § 78u(g))) It also contends that adding Vera would impede its statutorily conferred discretion to bring an enforcement action. (*Id.* at 3–5 (citing 18 U.S.C. § 78u(d)(1))).

Defendants invoke Rule 14(a)(1), which typically allows defendants to serve a complaint "on a nonparty who is or may be liable to it for all or part of the claim against it." But this ability is supplanted by 18 U.S.C. § 78u(g), also known as Section 21(g) of the Exchange Act, which provides that "no action for equitable relief instituted by the Commission [the SEC] pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission . . . unless such consolidation is consented to by the Commission." Though "[t]he Fifth Circuit and other courts of appeals have not decided if the third-party complaint of a defendant in a SEC action is barred by Section 21(g)," "district courts have overwhelmingly held that third-party complaints in SEC actions are barred by Section 21(g)." *Sec. & Exch. Comm'n v. Jones*, No. 4:15-CV-438-A, 2015 WL 9200594, at *1 (N.D. Tex. Dec. 15, 2015) (collecting cases); *S.E.C. v. Spencer Pharm. Inc.*, No. 12-CV-12334-IT, 2014 WL 5112078, at *1 (D. Mass. Oct. 10, 2014) ("[T]he court finds that if [the defendant's] motion is construed as a motion to join third-party defendants, it is barred by the application of section 21(g)."); *Sec. & Exch. Comm'n v. Heartland Grp., Inc.*, No. 01 C 1984, 2003 WL 103015, at *2 (N.D. Ill. Jan. 10, 2003) (quoting *SEC v. Wozniak,* No. 92 C 4691, 1993 WL 34702, at *1 (N.D. Ill. Feb. 8, 1993)) ("While this section may not explicitly refer to intervention, cross-claims, counter-claims or third-party complaints by name, many courts have concluded such procedural

3

devices to be barred because § 21(g) acts as an 'impenetrable wall.'"); *cf. S.E.C. v. Tsukuda-Am., Inc.*, No. CIV.A. 3:10-CV-136-M, 2010 WL 1050971, at *1 (N.D. Tex. Mar. 22, 2010) ("Section 21(g) functions as an absolute bar against counterclaims and crossclaims in SEC enforcement proceedings."); *id.* at *1 n.3 (collecting cases). Following the lead of district courts within the Fifth Circuit and beyond, the Court finds that 18 U.S.C. § 78u(g) bars Defendants' motion.[2]

The SEC additionally argues that that were the Court to construe Defendants' motion as having been made under Federal Rule of Civil Procedure 19, which concerns required joinder, Defendants' motion should still be denied. (*See* Resp., Dkt. 26, at 3 n.3). The Court agrees. *See Spencer Pharm*, 2014 WL 5112078, at *1 ("Cognizant of [the defendant's] pro se status, the court addresses both readings of [his] motion."). The reasoning described above applies to this procedural posture as well: as numerous courts have interpreted it, 18 U.S.C. § 78u(g) is an insuperable obstacle to all manner of joinder tactics.

Accordingly, **IT IS ORDERED** that Defendants' motion to join a third party, (Dkt. 25), is **DENIED**.

**SIGNED** on March 28, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court rules in favor of the SEC on this ground, the Court does not reach the SEC's arguments concerning its discretion over which parties to name in its enforcement actions. (*See* Resp., Dkt. 26, at 3–5).